UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF CHILDREN'S HOSPITALS INC., NATIONAL ASSOCIATION OF CHILDREN'S HOSPITALS AND RELATED INSTITUTIONS INC., AND CHILD HEALTH CORPORATION OF AMERICA,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>CONFIGO HEALTH, INC.,<br><br>    *Defendant*. | **Case No. 1:23-cv-03760-RDM**<br><br>**Jury Trial Demanded** |
| CONFIGO HEALTH, INC.,<br><br>    *Counter-Plaintiff*,<br><br>    v.<br><br>NATIONAL ASSOCIATION OF CHILDREN'S HOSPITALS INC., NATIONAL ASSOCIATION OF CHILDREN'S HOSPITALS AND RELATED INSTITUTIONS INC., AND CHILD HEALTH CORPORATION OF AMERICA,<br><br>    *Counter-Defendants*. | |

## CONFIGO'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Configo respectfully submits this notice of supplemental authority in connection with its April 1, 2024, motion to dismiss (ECF No. 32) to bring to the Court's attention a case decided after the close of briefing. *See, e.g.*, *Ibrahim v. Spera*, No. CV 23-3563 (ABJ), 2024 WL 4103702, at *1 (D.D.C. Sept. 6, 2024) (considering notice of supplemental authority for decision rendered after briefing was completed).

Specifically, Defendant informs the Court that yet another state has joined the majority view in concluding that its Uniform Trade Secrets Act "preempts noncontractual civil claims . . . based on the acquisition, disclosure, or use of confidential information that does not rise to the

level of a trade secret." *Dur-A-Flex, Inc. v. Dy*, 349 Conn. 513, 602–03 (2024) (attached hereto as Exhibit A); *see also id.* at 603 ("A noncontractual claim based on the misappropriation of commercial information by a former employee must be brought under CUTSA or not at all.").

Although the language of the Connecticut Uniform Trade Secret Act preemption clause varies slightly from the D.C. Uniform Trade Secret Act preemption clause, they are substantially similar and contain the same operative language.[1] Similar to CHA's arguments in this case, the *Dur-a-Flex* plaintiff argued "that its civil conspiracy claims should not be preempted if it ultimately is unable to prove an element of its CUTSA claims." *Id.* at 607. The court reasoned that precisely because "a defendant could incur liability" under the common law claim "without possessing [an element] required to incur liability under CUTSA," allowing such a claim "alters and potentially dilutes" a CUTSA requirement, and, as a result, allowing such a claim "would conflict with the scope of liability set forth in CUTSA." *Id.* at 607–08 (citing *BlueEarth Biofuels, LLC v. Hawaiian Electric Co.*, 123 Haw. 314, 327, 235 P.3d 310 (2010) (emphasizing "the uniformity and clarity that motivated the creation and passage of the [UTSA]")).

Echoing the arguments espoused in Defendant Configo's motion, the Court concluded that a "two tiered system of liability" for "claims under CUTSA for misappropriation of trade secrets

---

[1] *Compare* Conn. Gen. Stat. Ann. § 35-57 ("(a) Unless otherwise agreed by the parties, the provisions of this chapter supersede any conflicting tort, restitutionary, or other law of this state pertaining to civil liability for misappropriation of a trade secret. (b) This chapter does not affect: (1) Contractual or other civil liability or relief that is not based upon misappropriation of a trade secret; (2) criminal liability for misappropriation of a trade secret; or (3) the duty of any person or state or municipal agency to disclose information pursuant to section 1-210, sections 31-40j to 31-40p, inclusive, or subsection (c) of section 12-62, or wherever expressly provided by law." (emphasis added)) *with* D.C. Code § 36-407 ("(a) Except as provided in subsection (b) of this section, this chapter supersedes conflicting tort, restitution and other law of the District of Columbia providing civil remedies for misappropriation of a trade secret. (b) This chapter does not affect: (1) Contractual remedies, whether or not based upon misappropriation of a trade secret; (2) Other civil remedies that are not based upon misappropriation of a trade secret; or (3) Criminal remedies, whether or not based upon misappropriation of a trade secret." (emphasis added)).
2

and common-law claims for misuse of other confidential information" is "inconsistent with the preemption clause." *Id.* at 596. This Court should reach the same conclusion and dismiss Count III of plaintiffs' Corrected Amended Complaint.

        Respectfully submitted,

        /s/ Bret R. Vallacher
        JONATHAN S. MASSEY (DC Bar No. 457593)
        jmassey@masseygail.com | (202) 652-4511

        BRET R. VALLACHER (DC Bar No. 90014327)
        bvallacher@masseygail.com | (202) 780-0351

        Chiseul Kylie Kim (DC Bar No. 230277)
        kkim@masseygail.com | 202-780-038

        MASSEY & GAIL LLP
        The Wharf
        1000 Maine Ave SW, Suite #450
        Washington, D.C. 20024

Dated: November 8, 2024    *Attorneys for Defendant Configo Health, Inc.*